RIVER & HARBOR IMPROVEMENT CO. v. PHILADELPHIA & R. RY. CO.

(District Court, E. D. Pennsylvania. June 1, 1910.)

No. 41.

COLLISION (§ 74*)—TUG AND ANCHORED SCOW—FAULT OF MOVING VESSEL.

A tug *held* solely in fault for a collision in the night with a dump scow anchored in a proper place on the eastern side of the Delaware river; a preponderance of the evidence showing that the scow was displaying a proper anchor light.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 104; Dec. Dig. § 74.*]

In Admiralty. Suit by the River & Harbor Improvement Company against the Philadelphia & Reading Railway Company. Decree for libelant.

Henry R. Edmunds, for libelant.
James F. Campbell, for respondent.

J. B. McPHERSON, District Judge. About half past 4 o'clock in the morning of December 27, 1908, the respondent's tugboat Penllyn, while towing a loaded car float down the Delaware river upon a course which led through the Greenwich anchorage ground on the eastern side of the river, came into collision with a dump scow belonging to the libelant. The scow was anchored to a permanent and well-known buoy in front of the libelant's yard. The night was dark and slightly hazy, but was clear enough to permit lights to be seen at about the usual distance. The scow was sunk at her moorings, and was afterwards raised and repaired. Aside from the presumption of negligence which is always to be charged against a moving vessel when she collides with a vessel at rest, there is other evidence quite sufficient to establish the fault of the tug. It need not be discussed, however, since her negligence is admitted; the only question being the disputed point whether the scow had a proper anchor light set and burning at the time of the collision. About this matter the evidence is conflicting, but in my opinion it preponderates in favor of the libelant; and accordingly I find as a fact that a proper anchor light was displayed and burning on board the scow from the afternoon of December 26th, when she was moored, until after the collision on the following morning. In her position, she was not obliged to maintain an anchor watch; and, as no other fault than the absence of a proper light is charged against her, the libelant is entitled to a decree.

No objection to the claim for damages was presented, either at the hearing or in the respondent's brief, and the amount of the claim may therefore be embodied in the decree, unless the respondent should signify its desire for the appointment of a commissioner.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes